IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**VIKING INSURANCE COMPANY OF WISCONSIN**                         **PLAINTIFF**

vs.                           Case No. 3:12-cv-00216 KGB

**TERA KEMP; MEDIC ONE , LLC;
AIR EVAC EMS d/b/a AIR EVAC LIFETEAM;
SHELBY COUNTY HEALTHCARE CORPORATION
d/b/a REGIONAL MEDICAL CENTER AT MEMPHIS;
MEDPAY ASSURANCE, LLC; and MISSOURI
DEPARTMENT OF SOCIAL SERVICES (MEDICAID)**                       **DEFENDANTS**

## ORDER

Before the Court is the motion to dismiss filed by separate defendant Missouri Department of Social Services ("the MDSS") (Dkt. No. 13).  The time for responding to the motion has passed, and no party has responded to the motion.  For good cause shown, the motion is granted.

This is an interpleader action pursuant to 28 U.S.C. § 1335.  Separate defendant Tara Kemp was injured while she was a passenger in Benny Burgess's vehicle, which was insured by plaintiff Viking Insurance Company of Wisconsin ("Viking").  Viking has interpleaded the limits of its liability coverage on its insured's vehicle.

The complaint states that the defendants in this action other than Tara Kemp provided medical services to Ms. Kemp, but the MDSS states that it did not provide medical services to Ms. Kemp.  The MDSS also asserts that it did not pay any Medicaid benefits to any medical service providers for injuries to Ms. Kemp in conjunction with the accident occurring April 9, 2012.  The MDSS asserts that it claims no entitlement to the interpleaded funds and does not anticipate that it will become entitled at any point in the future.  The MDSS states that it is not an adverse claimant under 28 U.S.C. § 1335(a)(1) and does not have a claim "that may expose a plaintiff to double or multiple liability" under Rule 22 of the Federal Rules of Civil Procedure because it "disclaims any

interest in the interpleaded funds" (Dkt. No. 14, at 1).

Rule 21 of the Federal Rules of Civil Procedure states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" that has been improperly joined. The MDSS requests that it be dropped as a party pursuant to Rule 21, and the Court finds that the MDSS should be dropped as a party pursuant to Rule 21.

For these reasons, the MDSS's motion to dismiss is granted (Dkt. No. 13). The Clerk of Court is directed to terminate the MDSS as a party.

SO ORDERED this the 1st day of February, 2013.

_____
Kristine G. Baker
United States District Judge