**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**VIKING INSURANCE COMPANY OF WISCONSIN**                    **PLAINTIFF**

**vs.**                          **Case No. 3:12-cv-00216 KGB**

**TERA KEMP; MEDIC ONE , LLC;
AIR EVAC EMS d/b/a AIR EVAC LIFETEAM;
SHELBY COUNTY HEALTHCARE CORPORATION
d/b/a REGIONAL MEDICAL CENTER AT MEMPHIS;
MEDPAY ASSURANCE, LLC;**                                         **DEFENDANTS**

<u>ORDER</u>

Before the Court is the motion for default judgment and motion for dismissal and discharge of plaintiff in interpleader action filed by plaintiff Viking Insurance Company of Wisconsin ("Viking") (Dkt. No. 25).  The time for responding to the motion has passed, and no party has responded to the motion.  For good cause shown, the motion is granted.  For the reasons set forth in this Order, Viking is hereby discharged from any further liability regarding the policy proceeds at issue and is dismissed from this case with prejudice.  Consistent with this Order, the Court hereby orders that within 30 days of the date of this Order, separate defendants making a claim to the disputed funds submit to the Court filings from which this Court can determine by a preponderance of the evidence the appropriate distribution of the disputed funds and the priority in which claims should be paid in this action.

**I.      Background**

This is an interpleader action pursuant to 28 U.S.C. § 1335.  Separate defendant Tera Kemp was injured while a passenger in Benny Burgess's vehicle.  Mr. Burgess's vehicle was insured by Viking.  The interpleader complaint states that the defendants in this action other than Ms. Kemp provided medical services to Ms. Kemp.  Viking states in its complaint that it has

determined that the damages related to the injuries allegedly suffered by Ms. Kemp will exceed the $25,000.00 monetary coverage limits for bodily injury to any one person under Viking's policy. The Court previously authorized Viking to deposit $25,000.00 in its possession into the registry of the Court pursuant to Local Rule 67.1 and restrained interpleader defendants from instituting or prosecuting against Viking any action that affects the funds at issue in this case without first obtaining an Order from this Court (Dkt. No. 3).

Separate interpleader defendants Shelby County Healthcare Corporation d/b/a Regional Medical Center at Memphis ("The Med") and MedPay Assurance, LLC ("MedPay") collectively answered Viking's complaint and state that MedPay, on behalf of the Med, asserts a claim for charges owed and outstanding in the amount of $20,268.45 for medical services provided to Ms. Kemp (Dkt. No. 9, ¶ 12). The Med and MedPay affirmatively assert that they perfected a statutory hospital lien under Tennessee law and are entitled to first lien priority and to at least one-third of the funds deposited into the registry of the Court (*Id.*, ¶ 19). Separate interpleader defendant Medic One, LLC ("Medic One") has answered and affirmatively pleads it is entitled to $941.00 for emergency ambulance transport services rendered to Ms. Kemp, pre- and post-judgment interest, attorneys' fees, costs and expenses, which are the subject of a validly filed medical lien (Dkt. No. 10). Separate defendant Missouri Department of Social Services moved for dismissal, asserting it held no interest in the policy proceeds (Dkt. No. 13). The Court dismissed Missouri Department of Social Services by Order entered February 2, 2013 (Dkt. No. 19).

Separate defendant Air Evac EMS d/b/a Air Evac Lifeteam ("Air Evac") and Ms. Kemp have not answered or otherwise responded to Viking's complaint. Viking served Air Evac by certified mail addressed to AirEvac's registered agent dated October 10, 2012, with a certified

2

mail receipt reflecting delivery on October 15, 2012 (Dkt. No. 7).  Viking served Ms. Kemp by leaving the summons at Ms. Kemp's residence with a person of suitable age and discretion on March 13, 2013 (Dkt. No. 20).  Viking filed a request for entry of default against Air Evac and Ms. Kemp and on April 24, 2013 (Dkt. No. 21).  The Clerk of the Court entered default as to Air Evac and Ms. Kemp (Dkt. Nos. 23, 24).  Viking thereafter filed its instant motion for default judgment against Air Evac and Ms. Kemp (Dkt. No. 25).  Viking has since filed notice that it has deposited the $25,000.00 into the registry of the Court (Dkt. No. 28).

## II.      Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments.  *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted).  First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id.*  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule.  *Id.*  Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b).  *Id.*  The Clerk of the Court entered defaults as to Air Evac (Dkt. No. 23) and Ms. Kemp (Dkt. No. 24).

A "default" occurs when a defendant fails to answer or respond to a complaint, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default.  *Denton v. Conveyor Tech. & Components, Inc.*, 4:12-CV-191-KGB, 2013 WL 2422679 (E.D. Ark. June 1, 2013); *Roberts v. Kevmar Capital Corp.*, No. 4:11cv00681 BRW, 2012 WL 1193133 (E.D. Ark. April 10, 2012).  The entry of default is a procedural step in obtaining a default judgment; it is not determinative of any rights.  *Id.*  Pursuant to Federal Rule of Civil

Procedure 8(b)(6), "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  The entry of a default judgment is committed to the sound discretion of the district court.  *F.T.C. v. Packers Brand Meats, Inc.,* 562 F.2d 9, 10 (8th Cir. 1977).

The Court finds that Viking is entitled to default judgment against Air Evac and Ms. Kemp.  Because Air Evac and Ms. Kemp failed to answer or otherwise respond to Viking's complaint, they cannot contend that interpleader was improper or that Viking has any liability to them.  *Prudential Ins. Co. of Am. v. Young,* 4:11CV01006 AGF, 2011 WL 6099540, at *1 (E.D. Mo. Dec. 7, 2011).  "It has been repeatedly held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'"  *Gulf Coast Galvanizing, Inc. v. Steel Sales, Co., Inc.,* 826 F. Supp. 197, 203 (S.D. Miss. 1993) (quoting *General Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D. Conn. 1984)); *see also Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("[I]f all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund.").  Therefore, Viking's motion for default judgment against Air Evac and Ms. Kemp is granted.

### III.    Motion for Discharge and Dismissal

Viking also requests discharge and dismissal because it does not assert any interest in the policy proceeds and has deposited the policy proceeds into the registry of the Court.  Viking's request is granted.

Interpleader is a two stage process.  During the first stage, the court decides whether interpleader is available by determining "whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits

4

of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond."   Charles Alan Wright, et al., 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.) (West 2013).   The Court then proceeds to the second stage to determine the respective rights of the claimants to the fund at issue.   *Id.*; *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007).   Discharge is available at the conclusion of the first stage.   Once the Court decides that interpleader is available, "it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead . . . ."   *Id.*   When the stakeholder does not assert a claim to the stake, "the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court.   That dismissal should take place without awaiting an adjudication of the defendants' competing claims."   *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007) (citations omitted).

The Court finds that interpleader is proper.   Viking has demonstrated the statutory requirements of (1) an amount in controversy of $500.00 or more, (2) diversity between any two adverse claimants, and (3) depositing the money at issue into the registry of the Court.   28 U.S.C. § 1335(a).   Here, the policy proceeds far exceed $500.00, the adverse claimants are of diverse citizenship, and Viking has deposited the policy proceeds into the registry of the Court.   Viking also has shown a legitimate fear of "multiple vexation" directed against a single fund by identifying adverse parties who claim or could have attempted to claim the policy proceeds.   *See Rhoades v. Casey*, 196 F.3d 592, 601 (5th Cir. 1999) ("This was a proper interpleader action. There was a single fund, the [employees stock ownership plan] benefits, with several adverse parties who could have attempted to claim these funds."); *Dakota Livestock Co. v. Keim*, 552

F.2d 1302, 1306 (8th Cir. 1977) ("The interpleader statute . . . [is] designed to protect stakeholders not only from double or plural liability *but also from duality or plurality of suits*, and . . . [is] to be construed liberally." ) (emphasis added).  The fact that Air Evac and Ms. Kemp have defaulted does not make interpleader inappropriate.  *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983) (subsequent default of adverse claimants "did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage.").

Because the Court finds that interpleader is appropriate and because the participating defendants have not opposed Viking's motion, Viking's request for discharge and dismissal is granted.  Viking is hereby discharged from any further liability regarding the policy proceeds at issue and is dismissed from this case with prejudice.

### IV.     Distribution of Funds

The Court now must determine the rightful claimant or claimants of the disputed $25,000.00.  In an interpleader action, each claimant has the burden of establishing its right to the disputed funds by a preponderance of the evidence.  *See Consol. Underwriters of S.C. Ins. Co. v. Bradshaw*, 136 F.Supp. 395, 397 (W.D. Ark. 1995).  All parties indicated to this Court that there was no need for a full Federal Rule of Civil Procedure 26(f) report in this matter (Dkt. No. 28).  The Court hereby orders that within 30 days of the date of this Order, separate defendants The Med and MedPay and Medic One submit to the Court filings from which this Court can determine by a preponderance of the evidence the appropriate distribution of the disputed funds and the priority in which claims should be paid in this action.  In their filings, the parties are directed to inform the Court whether all parties are in agreement as to these issues.  If

there is disagreement among the parties such that a response is necessary to a party's filing, that

response shall be due within 15 days of the filing making the claim to disputed funds.

SO ORDERED this the 19th day of December, 2013.

Kristine G. Baker
United States District Judge